IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOAQUIN R. ARZATE,            )
                              )
        Petitioner,            )
                              )
                              )   No. CIV-16-870-R
v.                            )
                              )
SCOTT PRUITT, Attorney General, )
                              )
        Respondent.            )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has initiated this action with a brief, handwritten pleading styled, "Motion to Expediate [sic] Deportation." Petitioner has been granted leave to proceed *in forma pauperis*, and the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed upon filing.

The only Respondent identified in Plaintiff's initial pleading is Mr. Pruitt, Oklahoma's Attorney General. The gist of the initial pleading is a request that the Court require Mr. Pruitt to take some action "[t]o initiate my deportation back to Baja California Mexico."

To the extent Petitioner is requesting that Respondent Pruitt be directed to release Petitioner from confinement, the request would be in the nature of a petition for a writ of mandamus. On its face, the Petition, construed as an action seeking a writ of mandamus

1

under the federal mandamus statute, 28 U.S.C. § 1361, directed to Respondent Pruitt, is meritless. Title 28 U.S.C. § 1361 provides a remedy in matters involving only federal officials.[1] "No relief against state officials or state agencies is afforded by § 1361." Amisub (PSL), Inc. v. State of Colo. Dep't of Soc. Servs. 879 F.2d 789, 790 (10th Cir. 1989). See Olson v. Hart, 965 F.2d 940, 942 (10th Cir. 1992)("Federal courts have no authority to issue a writ of mandamus to a state judge"). Consequently, the action, construed as one seeking a writ of mandamus, should be dismissed with prejudice for lack of jurisdiction.

In his initial pleading, Petitioner states that he is an Oklahoma state prisoner serving a sentence at the Joseph Harp Correctional Center in Lexington, Oklahoma. Petitioner does not challenge the validity of his state sentence. He does, however, seek to be released from that sentence and deported in an expedited manner back to his country of origin, Mexico. As authority for the relief he requests, Petitioner cites 8 U.S.C. §§ 1227 and 1228. The action may therefore be construed as one brought either under 28 U.S.C. § 1361 directed to a federal immigration official or under 28 U.S.C. § 2241 seeking habeas relief.

Pursuant to 8 U.S.C. § 1228(a),

> The Attorney General shall provide for the availability of special removal proceedings at certain Federal, State, and local correctional facilities for aliens convicted of any criminal offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to

---

[1] Pursuant to 28 U.S.C. § 1361, federal courts have jurisdiction to determine "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

the date of their commission, otherwise covered by section 1227(a)(2)(A)(I) of this title. Such proceedings shall be conducted in conformity with section 1229a of this title (except as otherwise provided in this section), and in a manner which eliminates the need for additional detention at any processing center of the Service and in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence. Nothing in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

Petitioner provides no information to the Court concerning any removal proceedings involving him. Nevertheless, even if a final order of removal has been entered as to Petitioner and a removal detainer filed with the correctional facility in which he is incarcerated, he has no standing to bring a mandamus or habeas action to compel the Department of Homeland Security[2] or the United States Attorney General to deport him prior to the completion of his sentence.

The pertinent statutes governing immigration provide that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g)(1). Further, 8 U.S.C. § 1252(b)(9) requires that

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have

---

[2]"The Homeland Security Act of 2002 transferred authority to commence removal proceedings from the Immigration and Naturalization Service to the Secretary of [Department of Homeland Security]." Ali v. Mukasey, 524 F.3d 145, 150 (2d Cir. 2008).

> jurisdiction, by habeas corpus under section 2241 of Title 28, by sections 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Tenth Circuit Court of Appeals has interpreted this section to have "shifted certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." Hem v. Maurer, 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006). Finally, pursuant to 8 U.S.C. § 1252(g), and with exceptions not relevant here, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."

Consequently, because this Court clearly has no authority to review Petitioner's action seeking his expedited removal to his country of origin, the action, whether it be construed as one seeking a writ of mandamus or a writ of habeas corpus, should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the action, construed as either a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, be DISMISSED for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 10th___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R.

4

Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     19th     day of    September   , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE